No. 4884.

(Court of Appeal, Parish of Orleans).

## LOUIS SPIRO vs. AUGUST CASENAVE.

Lautenschlaeger and Forman for plaintiff and appellant.

E. J. Meral for defendant and appellee.

ST. PAUL, J.—On June 6, 1905, by act before Robert J. Maloney, notary public, defendant mortgaged his property for $700.00 in favor of Harry H. Maloney, and issued his note for a like amount bearing interest at 7% from date.

One year afterwards he paid the accrued interest, $49.00; and two years afterwards (June 5, 1907), he paid into the hands of Harry H. Maloney, the original mortgagee, the principal thereof together with accrued inter-

est, $49.00, and $4.00 for the cost of cancellation. Said Harry H. Maloney giving a receipt thereof as agent for R. J. Maloney. The note was not exhibited at the time, but a promise was given to defendant to return it to him duly canceled in a day or two. This promise was never kept.

Plaintiff, who now holds the note, swears that he acquired it on the date it was issued, and Robert Maloney testified to the same effect. The latter is entitled to no credibility whatever, as it is a matter of public notoriety that he is a defaulter for large sums received by him in a fiduciary capacity and is even now serving a term of imprisonment on a charge of forgery to which he pleaded guilty.

Harry Maloney was not examined as a witness. Hence, plaintiff's testimony stands alone, and must be weighed according to its own intrinsic value.

Now, we have examined his testimony as to the manner in which he paid for the note herein sued on, and whilst that testimony is not convincing, it is still not so much at variance with the condition of his bank account as to be contradicted thereby.

But here is where plaintiff's testimony conflicts with all the facts and probabilities, and operates to his undoing.

It will be observed that the note herein sued on draws interest only at the rate of 7% from date. We know from defendant's testimony and the receipt produced by him. that that was all he paid. Yet plaintiff tells us that he received regularly, year by year, from Maloney, 8% on the note held by him, or 1% more than defendant was paying, or the note herein sued on calls for.

It will further be observed that the indorsement of interest and renewals on the back of the note herein sued on, purporting to have been made on June 6, 1906, and June 6, 1907, respectively, appear to have been made

both on the same day and not a year apart; whilst the next indorsement and renewal, that of June 6, 1908, appears to have been made at a different time.

Now it further appears from the testimony of Maloney, fully corroborated by the production in open court of the note itself, that there was outstanding almost from the very beginning, another note of the same date, for the same amount, purporting to be signed by defendant, and bearing interest at the rate of Eight per cent. (8%), the rate received by plaintiff.

It is our conclusion that plaintiff herein originally acquired the note last mentioned, and some time after defendant paid the note herein sued on, Maloney called in the note which plaintiff held, and substituted this one.

The District Judge, who saw and heard the witnesses, concluded that plaintiff had come into possession of the note herein sued on only after maturity, and in that conclusion we concur.

Judgment affirmed.

January 24, 1910.

Rehearing refused February 9, 1910.

Writ refused by Supreme Court March 16, 1910.

No. 4872.